IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **MARY ELIZABETH LISENBY,** | * |
| | * |
| **PLAINTIFF,** | * |
| | * |
| V. | * CIVIL ACTION NO: 2:21-cv-449 |
| | * |
| **CRENSHAW COUNTY, ALABAMA,** | * **DEMAND FOR JURY TRIAL** |
| **THE COUNTY COMMISSION OF** | * |
| **CRENSHAW COUNTY, ALABAMA,** | * |
| **SHERIFF TERRY MEARS, CHIEF DEPUTY** | * |
| **JOEY DICKEY, DAVID H SMITH,** | * |
| **RAYMOND MCGOUGH, MERRILL SPORT,** | * |
| **CHARLIE SANKEY, ROBERT MOUNT,** | * |
| **in their individual and official capacities.** | * |
| | * |
| **DEFENDANTS.** | * |

## COMPLAINT

**MARY ELIZABETH LISENBY,** the Plaintiff in this action alleges the following:

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and under 28 U.S.C. § 2201 as to any declaratory judgments. This Court also retains supplemental jurisdiction over Plaintiff's law claims. This claimant has been issued by the Equal Employment Opportunity Commission (EEOC), the Plaintiff's "right to sue" letter (Exhibit A) and therefore, she can assert her discrimination and retaliation claims pursuant to Title VII of the civil acts Act of 1964, as amended, 42 U.S.C. §§2000e-17 (Title VII) and the Civil Rights Act of 1991 and U.S.C. § 1981a.

1

2.     This Court maintains subject matter jurisdiction under 28 U.S.C. §

civil action is brought on behalf of the United States to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.D 2000e, et seq. (Title VII) This Court maintains subject matter jurisdiction under 28 U.S.C § 1331 and U.S.C. § 1343 , *et seq.*

3.     Venue is appropriate in the Middle District of Alabama pursuant to 28 U.S.C. §§ 1391(a)and (b), as the unlawful conduct alleged herein was committed within the Middle District of Alabama. Venue is proper in this judicial district under 42 U.S.C. § 2000 E-5 (F)(3) and under 28 U.S.C. §1391 (b) because Defendants are located in this judicial district and the employment practices alleged to be unlawful occurred in this district.

4.     On April 02, 2021 the Equal Employment Opportunity Commission ("EEOC") received timely charges of discrimination filed by Mary E. Lisenby (EEOC Charge No. 420201903467). The Charging Parties, current and former officer employed by Defendants, alleged that she was wrongfully terminative.

5. Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000 e-5, the EEOC investigated the charges filed by the Charging Parties.

6. On April 02, 2021, the EEOC notified the Crenshaw County Sheriff Department and the Plaintiff that it found reasonable cause to believe that the Crenshaw County Sheriff Department violated Title VII by subjecting the Plaintiff.

7. On April 02, 2021, the EEOC also notified the Crenshaw County Sheriff Department and the Plaintiff that efforts to conciliate the charges were unsuccessful, and thereafter referred the charges to the Department of Justice.

8. All conditions precedent to the filing of suit have been satisfied.

> As set forth herein, the United States alleges that Defendants, the Crenshaw County Sheriff's Office ("the CCSO") and Sheriff Terry Mears (collectively "Defendants"), discriminated against current and former female officers and all other similarly situated wrongfully terminative, in violation of Title VII. The Defendants did not take proper procedure as in the Crenshaw County Commission Policy for Employees to terminate the Plaintiff.

## PARTIES

9. The Plaintiff is a female citizen of the United States of America.

10. The Defendant, Crenshaw County, Alabama ("Crenshaw County"), is a body corporate, with power to sue or be sued in any court of record.

11. The Defendant, Crenshaw County, Commission ("the Commission"), is the official governing of Crenshaw County, Alabama and acts through the Commission. The Commission has the statutory authority to direct, control and maintain all property owned by Crenshaw County, Alabama, including operation of the Crenshaw County Sherriff's Department (the "Sherriff's Department").

12. The Defendant, Crenshaw County Sheriff Department (the Sheriff's Department) is a corporate, governmental body created pursuant to the laws of the State of Alabama, and is located within this judicial district. The Sheriff's Department is a law enforcement agency located in Crenshaw, Alabama.

13. The Defendant, Crenshaw County Sheriff Terry Mears (in his official capacity) is the chief law enforcement officer in Crenshaw County Sheriff Office. Mears is responsible for the operations of the Crenshaw County Sheriff Office and supervision of its personnel and the inmates housed in the Crenshaw County Jail.

14. The Correction Division (Corrections) operates the Jail, which has an average daily population of approximately 50 inmates. The Jail houses inmates for both the County and the City of Crenshaw.

15. The Crenshaw County Sheriff Office is a "person or entity" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

16. The Defendant, Sheriff Terry Mears is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C § 2000e(b).

17. The Defendant, Chief Deputy Joey Dickey is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C § 2000e(b).

18. The Defendant, David H. Smith is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C § 2000e(b).

19. The Defendant, Raymond McGough is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C § 2000e(b).

20. The Defendant, Merrill Sport is a "person" within the meaning of 42 U.S.C. 5 2000e(a) and an "employer" within the meaning of 42 U.S.C § 2000e(b).

21. The Defendant, Charlie Sankey is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C $ 2000e(b).

22. The Defendant, Robert Mount is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C § 2000e(b).

## FACTUAL ALLEGATIONS

23. On Friday, August 16, 2019, the Plaintiff, Mary Lisenby, who was employed then by the Crenshaw County Sheriff's Department as a Deputy, was called into Sheriff Terry Mears office.

24. Defendant, Sheriff Terry Mears, proceeded to tell the Plaintiff that there was a complaint filed against her. The Plaintiff asked Defendant Mears what the complaint was about. Defendant, Sheriff Terry Mears responded to the Plaintiff that "he does not have to tell the Defendant anything". The Plaintiff responded to Mears stating "Sir, you in fact do have to tell me what the complaint is". Defendant Sheriff Terry Mears responded to the Plaintiff "I do not have to tell you anything, I am the Sheriff".

25. The Plaintiff responded to the Defendant Sherriff "that she has a right to know what the complaint was and that she has the right to face my accusers". Defendant Sheriff Terry Mears then responded "that does he not have tell the Plaintiff anything; that the

5

Plaintiff can resign or be fired". The Plaintiff was fired and at that time, was not given a reason for the dismissal.

26. On August 14, 2019 two days before he firing, the Plaintiff traveled to K-9 training that was being held in Clanton, AL.

27. The Plaintiff was in her county vehicle behind about 3 other law enforcement vehicles from other jurisdictions in Alabama. The Plaintiff was asked by fellow officers traveling to the K-9 training to be the "lead vehicle" so the others Law Enforcement officers could follow to the Plaintiff the training. The reason they asked the Plaintiff to be the lead vehicle was because she knew where the K-9 training was taking place.

28. The Plaintiff drove up and proceeded to get to front of the line as it was a two lane road and then slowed down after the pass of the other Law Enforcement vehicles when she got in front of them. There was no oncoming traffic and it was safe.

29. The other officers followed behind the Plaintiff to the training in Clanton where the officers started training.

30. The Plaintiff was told by fellow officers that were employed by the Crenshaw County Sheriff's Department, after her firing, that the complaint was about the Plaintiff was something about being unsafe while driving to the front of the Law enforcement line on the trip to the K-9 training. The Plaintiff was fired over an unjustified complaint.

30. The Plaintiff, after the firing, was also told by fellow officers in the Crenshaw County Sheriff's, that Sheriff Terry Mears had a friend that he wanted to take my position and he needed a reason to fire me to make an officer slot for his buddy.

6

31. The Crenshaw County Commission has an established personnel policy that states that the first step in an Administration action toward an employee for discipline is to have a formal counseling. The second step is a written warning and the third step is to be suspended without pay. At no time were any of these steps as mandated in the County's employee's policy as mandated by the Commission were followed. The Defendant had zero negative remarks in her personnel file. The Defendant was not formally counseled, given a written warning, or suspended without pay. The policy manual clearly states that "Crenshaw County is dedicated to providing equal opportunity for employees and fair treatment". The Plaintiff avers that her Civil Rights were violated because she was wrongfully terminated because Defendant Mears wished to make room for his male buddy.

## PRAYER FOR RELIEF

32. The United States prays that the Court enter judgment against the Defendant and grant the following relief:

   a. Declare that the Defendant Crenshaw County Sheriff Office, Defendant Sheriff Terry Mears along with all the named co-Defendants have subjected the Plaintiff to wrongfully termination, in violation of U.S.C. Title VII;

   b. Order Defendants' to implement appropriate and effective policies, procedures, and practices designed to prevent wrongfully terminative.

   c. Award compensatory damages to the Plaintiff and to fully compensate her for a minimum of Ten Million Dollars and 00/100 cents ($10,000,000.00) for injuries,

7

pain, and suffering plus Court Costs and attorney's fees caused by Defendants' unlawful conduct, pursuant to and within the statutory limitations of Section 102 of the Civil Right Act of 1991, 42 U.S.C. § 1981a;

d. Award any additional equitable relief necessary to make the victims whole including back pay and other lost benefits; and

e. Award such additional relief as justice may require, together with the United States' costs and disbursements in this action.

## JURY DEMAND

The United States hereby demands a trial by Jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

***Respectfully submitted,*** the 25th day of June 2021.

Olmond Lawrence Larry Hall, (HAL-091)-Alabama
Attorney at Law
PO Box 188
Millbrook, AL 36054
Phone (334) 285-0999
Fax (888) 201-8601
Email: larry@olmond.net

MARY ELIZABETH LISENBY-Plaintiff

Sworn to and subscribed before me this ___30th___ day of June, 2021.

NOTARY PUBLIC, State of Alabama at Large
My commission expires: 8/28/23