IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARY ELIZABETH LISENBY,        )
                                         )
      Plaintiff,              )
                                         )
v.                              )       CASE NO. 2:21-CV-449-KFP
                                       )
CRENSHAW COUNTY, ALABAMA,  )
et al.,                            )
                                       )
      Defendants.         )

**MEMORANDUM OPINION AND ORDER**

Upon consideration of Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 36), it is ORDERED that the motion is GRANTED, as set forth below.

## I.    INTRODUCTION

Plaintiff filed this Title VII employment discrimination action on July 1, 2021, against Crenshaw County, Alabama; the Crenshaw County Commission; the Crenshaw County Sheriff's Department; Sheriff Terry Mears; Chief Deputy Joey Dickey; David Smyth; Raymond McGough; Merrill Sport, Charlie Sankey, Jr.; and Robert Mount.[1] Doc. 1 ¶¶ 10–22. Defendants filed a Motion to Dismiss arguing that Plaintiff's EEOC charge named only the Crenshaw County Sheriff's Department and, accordingly, Plaintiff had failed to satisfy the prerequisites to filing a Title VII action in federal court as to the

---

[1] Neither the Complaint nor the Amended Complaint provide any information about Defendants Smyth, McGough, Sport, Sankey, or Mount and their relationship to Plaintiff or this case. From Defendants' brief in support of its Motion to Dismiss, the Court has learned that Defendant Smyth is the Crenshaw County Administrator and that the remaining Defendants are Crenshaw County Commissioners. Doc. 38 at 1.

remaining Defendants. Doc. 14; Doc. 15 at 2–3. Defendants also argued that the county

Defendants cannot be held vicariously liable for Sheriff Mears's decision to terminate

Plaintiff, the Complaint fails to state a claim for Title VII discrimination, and Defendants

are immune from punitive damages. Doc. 15.

In response, Plaintiff filed an Amended Complaint that included a corrected right-

to-sue letter reflecting that her EEOC charge was filed against the "Crenshaw County

Sheriff, Crenshaw County Commission, et al." Docs. 26 at 1–2, 26-1. In all other respects,

Plaintiff's Amended Complaint, which cites to Title VII and 42 U.S.C. § 1981, is the same

as her original Complaint. Defendants filed a Motion to Dismiss Plaintiff's Amended

Complaint, arguing that Plaintiff's allegations were unclear and exceeded the scope of her

EEOC charge; that only Sheriff Mears could be liable under Title VII because the other

Defendants were not Plaintiff's employer; that Defendants were immune from punitive

damages; that Plaintiff failed to state a claim of race discrimination under 42 U.S.C. § 1981;

and that the Crenshaw County Sheriff's Office is not a legal entity capable of being sued.

Docs. 36, 38. In her response to this second motion, Plaintiff argued that the Amended

Complaint properly pleaded the elements of a Title VII violation, that the county

defendants and chief deputy qualified as Plaintiff's employer; and that Sheriff Mears was

subject to punitive damages because of his intentional conduct. Doc. 43 at 1–5. Finally,

Plaintiff stated that she was not asserting any claims under 42 U.S.C. § 1981. [2] *Id*. at 5.

---

[2] The Amended Complaint has four sections titled Jurisdiction and Venue, Parties, Factual Allegations, and Prayer for Relief, but it contains no paragraphs identifying separate counts or causes of action. In the Jurisdiction and Venue section, Plaintiff states that she is asserting discrimination and retaliation claims

## II.   STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

When considering a motion to dismiss under Federal Rule of Procedure 12(b)(6), a court accepts all facts alleged in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). The court must ask whether there are allegations that are no more than conclusions. Claims that fall into this category are discarded. The court next considers whether there are any remaining factual allegations that, if true, could plausibly give rise to a claim for relief. If there are none, the complaint will be dismissed. *Twombly*, 550 U.S. at 570.

---

under Title VII and 42 U.S.C. § 1981a (Doc. 26 at ¶ 1, 2, 5, 6, 8), and in the Prayer for Relief she mentions Title VII and 42 U.S.C. § 1981a. *Id.* ¶ 32. Other than one stray remark mentioning retaliation, the Amended Complaint makes no allegations that could be construed as retaliatory conduct by Defendants, and Plaintiff clarified in her response to Defendants' motion that she is proceeding solely under Title VII. Doc. 43 at 4. Therefore, the Court will evaluate whether Plaintiff's allegations state a claim for Title VII discrimination only.

III.    DISCUSSION

A.      Plaintiff's Factual Allegations

In the Amended Complaint, Plaintiff states that she was employed by the Crenshaw

County Sheriff's Department as a deputy but was terminated by Sheriff Terry Mears on

August 16, 2019, after someone made a complaint about her. Doc. 26 ¶¶ 23–24. Sheriff

Mears refused to disclose the details of the complaint but told Plaintiff she could resign or

be terminated. *Id*. ¶ 25. When Plaintiff refused to resign, Sheriff Mears terminated her

without further explanation. *Id*.

A couple of days before her termination, Plaintiff was asked to drive the lead vehicle

ahead of other law enforcement officers going to a K-9 training session in Clanton,

Alabama. *Id*. ¶¶ 26–27. According to Plaintiff, to begin the drive, she proceeded up a two-

lane road to pass and get ahead of the other vehicles and then slowed down once she

reached the front of the line. *Id*. ¶ 28. There was no oncoming traffic at the time and

Plaintiff's driving was safe. *Id*. The other officers then followed Plaintiff to the training

session in Clanton. *Id*. ¶ 29. After Plaintiff was terminated, fellow officers told her that the

complaint against her had something to do with her being unsafe in driving to the front of

the line to lead the other officers to the training. *Id*. ¶ 30. Plaintiff alleges she was fired

over an unjustified complaint and was told after her termination that Sheriff Mears "needed

a reason to fire [her] to make an officer slot for his buddy." *Id*. Crenshaw County's

employment policy manual states that it is an equal-opportunity employer, and the

Crenshaw County Commission has an established policy of progressive discipline. *Id*. ¶

31. However, at no time were progressive discipline steps applied before Plaintiff was terminated. *Id*.

      **B.     Sheriff Mears is the Only Proper Defendant.**

      Plaintiff cannot bring a Title VII claim against any of the Defendants except Sheriff Mears. Although Plaintiff has sued Sheriff Mears and the Crenshaw County Sheriff's Department, a sheriff's department is not a legal entity that can be sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *McWaters v. Houston*, No. 2:21-CV-57-RAH-SMD, 2022 WL 395309, at *1 (M.D. Ala. Feb. 8, 2022). Therefore, the Crenshaw County Sheriff's Department must be dismissed.

      With respect to the county administrator, county commissioners, and chief deputy, Plaintiff makes no allegations that these Defendants played any role in the decision to terminate her employment. There are no allegations of acts or omissions by these individuals, and the only time Plaintiff mentions them is when she lists the parties being sued. Additionally, if Plaintiff had included factual allegations against these Defendants, a Title VII claim against an individual is inappropriate, as the relief granted under Title VII is against the employer*,* not individual employees whose actions would constitute a violation of the Act. *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (citations omitted); *see also Spann v. Cobb Cty. Pretrial Ct. Servs. Agency*, 206 F. App'x 910, 911 (11th Cir. 2006) (holding that district court did not err in dismissing suit against an individual in unofficial capacity because Title VII does not provide relief against individuals). Thus, the county administrator, county commissioners, and chief deputy must be dismissed.

Similarly, Plaintiff does not assert that Crenshaw County or the Crenshaw County Commission played a role in the decision to terminate her. She mentions their employment policies, but, because she does not allege that they were her employers, those policies are irrelevant to her claims against Sheriff Mears.[3] Moreover, settled Alabama law holds that a county or county commission has no authority to manage a sheriff's employees. *Turquitt v. Jefferson Cty., Ala.*, 137 F.3d 1285, 1289 (11th Cir. 1998) (citing *Lockridge v. Etowah Cty. Comm'n,* 460 So.2d 1361, 1363 (Ala. Civ. App. 1984) and *Terry v. Cook*, 866 F.2d 373, 379 (11th Cir. 1989) (finding that Alabama county commissioners have no authority to hire or fire deputies or jailers)); *see also Cofield v. Randolph Cty. Comm'n*, 844 F. Supp. 1499, 1501 (M.D. Ala. 1994) (noting that sheriffs and their deputies are state officers, not county employees) and *Madaio v. Roden*, No. CV-06-BE-0904-S, 2006 WL 8430801, at *2 (N.D. Ala. July 7, 2006) (same) (citing *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 793 (1997) ("Alabama sheriffs, when executing their law enforcement duties, represent the State of Alabama, not their counties")). Thus, while Sheriff Mears is the Sheriff of Crenshaw County, he is a separate entity from Crenshaw County and the Crenshaw County Commission. Based on the Amended Complaint, Sheriff Mears was Plaintiff's only employer, and he is the only proper defendant in an action alleging a Title VII violation.

---

[3] The Amended Complaint contains conclusory allegations that each Defendant is an "employer" under 42 U.S.C. § 2000e(b). Doc. 26 ¶¶ 15–22. However, the fact that an entity may be an employer under Title VII does not mean the entity was *Plaintiff's* employer. Plaintiff clearly states that she was employed as a deputy by the Crenshaw County Sheriff's Department, and there are no factual allegations in the Amended Complaint supporting a conclusion that any other Defendant was her employer.

**C.    The Amended Complaint Fails to State a Claim for a Violation of Title VII.**

As set forth above, at this stage the Court must consider the Amended Complaint in light of Rule 8(a)(2) of the Federal Rules of Civil Procedure, which provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief" and simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's obligation on a motion to dismiss is not to determine whether a plaintiff will ultimately prevail but whether, based on the pleadings, a plaintiff is entitled to offer evidence to support the claims. *Id*. at 511; *Huff v. City of Tuscaloosa*, No. CV-06-CO-0439-W, 2006 WL 8436913, at *2 (N.D. Ala. Oct. 11, 2006). Despite this highly deferential standard, the Amended Complaint warrants dismissal, as it contains no allegations that, if true, could plausibly give rise to a claim for relief under Title VII.

Plaintiff aptly summarized her factual allegations as a claim that "her Civil Rights were violated [when] she was wrongfully terminated because Defendant Mears wanted to make room for his male buddy." Doc. 26 ¶ 31. However, the conduct attributed to Sheriff Mears is not discrimination but nepotism, which is not actionable under Title VII. *Platner v. Cash & Thomas Contractors, Inc.*, 908 F.2d 902, 905 (11th Cir. 1990) (stating that basis for plaintiff's dismissal was not gender but favoritism for a close relative, which, however

"unseemly and regrettable," did not constitute discrimination under Title VII).[4] In fact,

Plaintiff's allegation that Sheriff Mears fired her to hire his friend weakens her claim

because it demonstrates that the decision was not based on discrimination. *See Guyette v.*

*Charter Commc'ns, Inc.*, 403 F. Supp. 3d 1349, 1369 (N.D. Ga. 2019) (finding plaintiff

had not supported claim of race discrimination because she testified that conflict with

manager arose from competition for same position, plaintiff's refusal to switch to different

sales region, and manager's desire to open position for friend) (citing *Powell v. Am.*

*Remediation & Envtl., Inc.*, 618 F. App'x 974, 977 (11th Cir. 2015) (holding that alleged

nepotism is not actionable under Title VII or Section 1981 and, if anything, weakens

plaintiff's contention that adverse action was based on racism)); *Lawson v. KFH Indus.,*

*Inc.*, 767 F. Supp. 2d 1233, 1244–45 (M.D. Ala. 2011) (finding that evidence that another

employee received favorable treatment because he was married to company vice-

president's stepdaughter did not show racism but nepotism, which is not actionable under

Title VII or § 1981, and weakened plaintiffs' argument by suggesting that true motivation

for termination was nepotism). As our courts have stated numerous times:

> We do not sit as a "super-personnel department," and it is not our role to
> second-guess the wisdom of an employer's business decisions—indeed the
> wisdom of them is irrelevant—as long as those decisions were not made with
> a discriminatory motive. *Chapman [v. AI Transp.*, 229 F.3d 1012, 1030 (11th
> Cir. 2000)]. That is true "[n]o matter how medieval a firm's practices, no
> matter how high-handed its decisional process, no matter how mistaken the

---

[4] *See also Lane v. Broward Cty., Fla.*, No. 08-61554-CIV, 2009 WL 4893183, at *9 (S.D. Fla. Dec. 17, 2009), *aff'd,* 411 F. App'x 272 (11th Cir. 2011) (stating that alleged hiring decision based on employee's father's connections to supervisor was not actionable as discrimination against plaintiff); *Hill v. Wal-Mart Stores E., L.P.*, No. 2:08-CV-1682-PWG, 2010 WL 11565123, at *18 (N.D. Ala. Aug. 3, 2010), *aff'd sub nom. Hill v. Wal-Mart Stores, Inc.*, 510 F. App'x 810 (11th Cir. 2013) (recognizing that no provision of Title VII or any other federal anti-discrimination law prevents employers from making employment decisions based simply on favoritism or animosity or similar reasons that might be unfair) (citation omitted).

firm's managers." *Id.* (quotation marks and citations omitted); *see also Nix v. WLCY Radio/Rahall Commc'ns,* 738 F.2d 1181, 1187 (11th Cir. 1984) ("[An] employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason."); *Wallace v. SMC Pneumatics, Inc.,* 103 F.3d 1394, 1399 (7th Cir. 1997) (listing, among "embarrassing" but non-actionable reasons under Title VII, "nepotism, personal friendship, the plaintiff's being a perceived threat to his superior, a mistaken evaluation, the plaintiff's being a whistleblower, the employer's antipathy to irrelevant but not statutorily protected personal characteristics, a superior officer's desire to shift blame to a hapless subordinate . . . or even an invidious factor but not one outlawed by the statute under which the plaintiff is suing; . . . or there might be no reason").

*Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1266–67 (11th Cir. 2010).

Plaintiff has sued Sheriff Mears for Title VII discrimination, but the only factual support for her claim is that he fired her to make room for a male friend. Assuming this allegation is true, which the Court must at this stage, the reason for Plaintiff's termination was not discrimination but favoritism. However unfair this may be to Plaintiff, it is not actionable as discrimination under Title VII or any other federal anti-discrimination statute. Accordingly, Plaintiff's Title VII discrimination claim against Sheriff Mears is due to be dismissed.[5]

---

[5] For clarification purposes, the Court notes that Plaintiff's response to the Motion to Dismiss argues that the alleged discrimination was based on her gender and race. The Complaint and Amended Complaint state that Plaintiff is female and that her replacement was male, but it makes no mention of race. In considering a motion to dismiss, a court is generally limited to reviewing what is within the four corners of the complaint and will not consider material in a response to the motion if it is not attached or referenced in the complaint. *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006); *see also Jallali v. Nova Se. Univ., Inc.*, 486 F. App'x 765, 767 (11th Cir. 2012) (stating that a party cannot amend complaint by attaching documents to response to motion to dismiss). Therefore, Plaintiff's response to Defendants' motion cannot add a claim of race discrimination to the Amended Complaint. Even if Plaintiff had included a race discrimination claim in the Amended Complaint, it would not change the outcome, as Plaintiff's allegations show that Sheriff Mears's decision was based on favoritism and not any form of discrimination.

Courts must ordinarily allow a party at least one opportunity to amend a complaint before dismissal. *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 938 (11th Cir. 2011) *(citing Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1014 (11th Cir. 2005)). However, a court need not "allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Corsello*, 428 F.3d at 1014 (quoting *Bryant v. Dupree*, 252 F. 3d 1161, 1163 (11th Cir. 2001) (internal quotations omitted)). Here, Plaintiff was given an opportunity to amend after Defendants filed a motion to dismiss the original Complaint on essentially the same grounds raised in their pending motion, but those deficiencies were not cured by the Amended Complaint. Further, because the conduct alleged by Plaintiff does not constitute discrimination under Title VII, the Court finds that any amendment would be futile.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss Plaintiff's Amended Complaint is GRANTED, and Plaintiff's Amended Complaint is dismissed WITH PREJUDICE.

---

Similarly, the Amended Complaint alleges only that Plaintiff was employed by the Sheriff, but her response to Defendants' motion argues that the "Crenshaw County authorities were essentially Plaintiff's employer, having authority over her hiring, firing, discipline, and review of decisions made by the Sheriff." Doc. 43 at 3. She also asserts that the "County authorities [were] in charge of compensating [her], making rules about her employment, and enforcing those rules." *Id*. If the Amended Complaint had properly alleged that Plaintiff was employed by Crenshaw County or the Crenshaw County Commission—or any of the individual defendants—this case would still warrant dismissal because Plaintiff's allegations show that the reason for her termination is not actionable under Title VII.

DONE this 12th day of April, 2022.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE